# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
**September 15, 2015**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**WILLIAM H. BALLENGER,**
**Claimant Below, Petitioner**

**vs.)   No. 14-1228**  (BOR Appeal No. 2049514)
(Claim No. 2009052235)

**R & E ELECTRIC COMPANY, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner William H. Ballenger, by Stephen New, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. R & E Electric Company, Inc., by Alyssa Sloan, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 29, 2014, in which the Board affirmed a May 30, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's April 22, 2013, decision granting Mr. Ballenger an additional 0% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Ballenger injured his right knee and lower back on July 16, 2008, when he slipped and fell while carrying a length of pipe. Mr. Ballenger's claim was subsequently held compensable for displacement of an intervertebral disc without myelopathy, site unspecified; sprain/strain of the lumbosacral joint and ligament; and sprain/strain of an unspecified site of the knee/leg. On June 4, 2009, Prasadarao Mukkamala, M.D., performed an independent medical evaluation. He opined that Mr. Ballenger sustained 0% whole person impairment as a result of the compensable knee injury. After placing Mr. Ballenger in Lumbar Category II of West

1

Virginia Code of State Rules § 85-20-Table C (2006), Dr. Mukkamala opined that he sustained 8% whole person impairment as a result of range of motion abnormalities in the lumbosacral spine and a displaced intervertebral disc. On October 8, 2009, the claims administrator granted Mr. Ballenger an 8% permanent partial disability award based upon Dr. Mukkamala's independent medical evaluation.

On May 12, 2010, Julian Chipley, D.C., performed an independent medical evaluation. He placed Mr. Ballenger in Lumbar Category III of West Virginia Code of State Rules § 85-20-Table C based upon Mr. Ballenger's history of chronic pain and based upon his finding of objectively verified evidence of radiculopathy. Dr. Chipley opined that Mr. Ballenger sustained 13% whole person impairment as a result of range of motion abnormalities in the lumbar spine. He declined to provide an impairment rating for the compensable knee injury because he concluded that the majority of Mr. Ballenger's ongoing right knee pain is actually referred pain arising from right-sided S1 radiculopathy.

On May 24, 2012, Bruce Guberman, M.D., performed an independent medical evaluation. He also opined that Mr. Ballenger sustained 0% whole person impairment as a result of the compensable knee injury. Dr. Guberman opined that Mr. Ballenger should now be placed in Lumbar Category III of West Virginia Code of State Rules § 85-20-Table C because he exhibits a decreased Achilles tendon reflex and sensory loss in the right leg, both of which are consistent with S1 radiculopathy. He then opined that Mr. Ballenger sustained 13% whole person impairment as a result of right-sided radiculopathy and range of motion abnormalities in the lumbar spine.

Finally, Jerry Scott, M.D., performed an independent medical evaluation on April 9, 2013. He opined that Mr. Ballinger sustained 0% whole person impairment as a result of the compensable knee injury. He further opined that Mr. Ballenger's compensable lumbar spine injuries were superimposed upon pre-existing degenerative disc disease. After determining that Mr. Ballenger is best placed in Lumbar Category II of West Virginia Code of State Rules § 85-20-Table C, Dr. Scott opined that Mr. Ballenger sustained 8% whole person impairment as a result of range of motion abnormalities in the lumbar spine.

On April 22, 2013, the claims administrator granted Mr. Ballenger a 0% additional permanent partial disability award based upon Dr. Scott's independent medical evaluation. In its Order affirming the April 22, 2013, claims administrator's decision, the Office of Judges held that Mr. Ballenger sustained a total of 8% whole person impairment as a result of his compensable injuries and therefore has been fully compensated through his prior 8% permanent partial disability award. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision dated October 29, 2014. On appeal, Mr. Ballenger asserts that the Board of Review, Office of Judges, and claims administrator erred in failing to grant him an additional 5% permanent partial disability award, for a total award of 13%, based upon the opinion of Dr. Guberman.

After noting that prior diagnostic studies did not clearly reveal the presence of radiculopathy, the Office of Judges determined that Mr. Ballenger is appropriately placed in

Lumbar Category II of West Virginia Code of State Rules § 85-20-Table C. Further, the Office of Judges noted that on September 17, 2013, it affirmed the denial of Mr. Ballenger's request for authorization of the medication Celebrex based upon a finding that his current symptoms arise from non-compensable degenerative disc disease and determined that its prior finding remains applicable in relation to the instant appeal. The denial of Mr. Ballenger's request for authorization of the medication Celebrex was not appealed to this Court. Finally, the Office of Judges found that Dr. Scott's determination that Mr. Ballenger sustained 8% whole person impairment as a result of his compensable injury is persuasive and concluded that Mr. Ballenger has therefore been fully compensated through his prior 8% permanent partial disability award. We agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  September 15, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum